FILED

2011 MAR -3 AM 10: 42

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.:**

JAMES C. ABNEY, an individual,

Plaintiff,

vs.

**2:11-cv-101-FtM-36SPC**

LAW OFFICES OF JOEL CARDIS, LLC, a Pennsylvania professional limited liability company,

Defendant.

______________________________/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, James C. Abeny, an individual, sues Defendant, Law Offices of Joel Cardis, LLC, a Pennsylvania professional limited liability company, and alleges:

***INTRODUCTION***

1. This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), together with pendant state law claims.

2. Pursuant to 15 U.S.C. §1692(a), in enacting the FDCPA, Congress determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of personal privacy.

***JURISDICTION***

3. Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

***ALLEGATIONS AS TO PARTIES***

4. At all times material hereto, Plaintiff, James C. Abney ("Mr. Abney"), was *sui juris* and a resident of Collier County, Florida.

5. At all times material hereto, Defendant, Law Offices of Joel Cardis, LLC ("Collection Law Firm"), was a Pennsylvania professional liability company doing business in the State of Florida, and more particularly in Collier County, Florida.

6. At all times material hereto, the Collection Law Firm was engaged in the collection of consumer debts from consumers in the State of Florida, and more particularly in Collier County.

7. At all times material hereto, the Collection Law Firm was subject to jurisdiction in the State of Florida pursuant to Florida Statute §48.193, known more commonly as the "Florida Long Arm Jurisdiction Act," for the causation of injury in the State of Florida through acts and omissions outside the State of Florida.

***FACTUAL ALLEGATIONS***

**A. Description of Disputed Consumer Account**

8. Several years prior to the filing of the instant action, Mr. Abney enrolled his minor daughter in a private Catholic school, to-wit: "Royal Palm Academy Private School" ("Royal Palm Academy").

9. As a result of an unexpected decline in his family income, in or about April, 2007, Mr. Abney approached the then-executive director of Royal Palm Academy, Thomas Huckins ("Mr. Huckins"), to request a waiver of tuition in consideration for irrigation plans and materials provided by Mr. Abney, an irrigation engineer, to Royal Palm Academy during prior school years ("Tuition Waiver Agreement").

10. In or about May, 2009, Mr. Huckins retired from Royal Palm Academy.

11. After the retirement of Mr. Huckins, the administration of Royal Palm Academy made a decision to collect or attempt to collect monies as tuition notwithstanding the Tuition Waiver Agreement. In particular, Royal Palm Academy claimed unpaid tuition in the amount of approximately Five Thousand Dollars ($5,000.00) ("Disputed Tuition Bill").

**B. Description of Unfair Debt Collection Activities of Defendant**

12. At some unknown time in the past, Royal Palm Academy retained the services of the Collection Law Firm to collect monies purportedly owed as and for the Disputed Tuition Bill.

13. Commencing in March, 2010 through the date of the filing hereof, the Collection Law Firm, through its agents, employees, and representatives acting within the scope of their employment and with the authority of the Collection Law Firm, began a pattern of conduct reasonably calculated to harass, threaten, or coerce Mr. Abney into paying monies under the Disputed Tuition Bill.

14. On or about March 9, 2010, the Collection Law Firm sent or caused to be sent to Mr. Abney correspondence known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies purportedly owed as the Disputed Tuition Bill ("Initial Attorney Communication").

15. A true and correct copy of the Initial Attorney Communication is attached hereto and incorporated herein by reference as Exhibit "A."

16. Pursuant to the Initial Attorney Communication, the Collection Law Firm sought payment of the sum of Six Thousand Twenty Seven Dollars and 06/100ths Cents ($6,027.06) for an unspecified account for an undisclosed creditor.

17. Pursuant to the Initial Attorney Communication, the Collection Law Firm stated:

> I am a legal assistant with the Law Offices of Joel Cardis LLC. Your account has been referred to this office. The client **has authorized suit** on this unresolved matter.
>
> [Emphasis added]
> ("Lawsuit Provision").

18. By information and belief, the Lawsuit Provision misrepresented that Royal Palm Academy had made a decision to file a lawsuit to collect the Disputed Tuition Bill when in fact no "authorization" had been made by Royal Palm Academy.

19. By information and belief, the Collection Law Firm did not have the ability or intention to file suit as the Collection Law Firm did not employ attorneys authorized to practice in the State of Florida.

20. Pursuant to the Initial Attorney Communication, the Collection Law Firm further stated:

> We need to hear from you **within 10 business days** of the date of this letter.
>
> [Emphasis added]
> ("10 Day Response Provision")

21. Pursuant to the Initial Attorney Communication, the Collection Law Firm further stated:

> Notwithstanding your right to dispute the validity of the debt **within thirty (30) days**, our client may nonetheless decide to proceed to suit through counsel in your jurisdiction, except as otherwise required by the Fair Debt Collection Practices Act.
>
> [Emphasis added]
> ("30 Day Dispute Provision")

22. The 10 Day Response Provision and 30 Day Dispute Provision purposefully created a false sense of urgency on the part of the least sophisticated consumer to respond to the Initial Collection Communication. This position is especially compelling in light of the threat of an imminent lawsuit as described in the Lawsuit Provision.

**C. Dispute by Plaintiff**

23. Upon receipt of the Initial Attorney Communication, Mr. Abney sent or caused to be sent to the Collection Law Firm a written response dated March 16, 2010 ("Initial Dispute Letter").

24. A true and correct copy of the Initial Dispute Letter together with certified mail return receipt is attached hereto and incorporated herein by reference as Composite Exhibit "B."

25. Pursuant to the Initial Dispute Letter, Mr. Abney notified the Collection Law Firm that Mr. Abney did not recognize the claim being presented and therefore disputed same. Further, Mr. Abney requested the verification of the debt together with the name of the original creditor and subject account number.

26. Despite the receipt of the Initial Dispute Letter from Mr. Abney, on or about April 8, 2010, the Collection Law Firm sent or caused to be sent to Mr. Abney a second dunning letter ("Second Attorney Communication").

27. A true and correct copy of the Second Attorney Communication is attached hereto and incorporated by reference as Exhibit "C."

28. Pursuant to the Second Attorney Communication, the Collection Law Firm falsely stated that the Collection Law Firm had not received the Initial Dispute Letter from Mr. Abney when in fact the Collection Law Firm had received the Initial Dispute Letter prior to the transmission of the Second Attorney Communication.

**D. Unlawful Telephone Communication by Defendant**

29. On April 7, 2010, the Collection Law Firm telephoned Mr. Abney three times within a nine-minute time span at 5:50 p.m., 5:56 p.m. and 5:59 p.m. By information and belief, the telephone calls by the Collection Law Firm were initiated by an automated dialing system.

30. On or about April 19, 2010, while Mr. Abney was running errands, an employee of the Collection Law Firm telephoned the residence of Mr. Abney in Naples, Florida.

31. An unidentified employee of the Collection Law Firm spoke to the youngest daughter of Mr. Abney, who was fourteen years old at the time of the telephone call.

32. The employee of the Collection Law Firm proceeded to interrogate Mr. Abney's daughter including repeated questions concerning the whereabouts of Mr. Abney and whether the daughter could provide the cellular telephone number of Mr. Abney.

**COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)***

33. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

34. Mr. Abney realleges and reaffirms the allegations contained in Paragraphs 1 through 32 above as if set forth hereat in full.

35. At all times material hereto, Mr. Abney was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

36. At all times material hereto, any monies purportedly owed under the Disputed Tuition Bill was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

37. At all times material hereto, Defendant was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

38. As more particularly described above, the Collection Law Firm, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that the Collection Law Firm has:

(a) Communicated with third persons without complying with the requirements of 15 U.S.C. §§1692b and 1692c.

(b) Made a false, deceptive or misleading representation in connection with the collection of a debt in contravention of 15 U.S.C. §1692e; and

(c) Used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

39. 15 U.S.C. §1692g provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (a) The amount of the debt;
>
> (b) The name of the creditor to whom the debt is owed;
>
> (c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. The Collection Law Firm failed to properly inform Mr. Abney as a consumer as to his rights for debt verification in a manner which was reasonably calculated not to confuse or frustrate the least sophisticated consumer within five (5) days of the initial communication to Mr. Abney. In particular, notwithstanding any attempt by Defendant to explain the rights of

consumers for debt validation, the use of the Lawsuit Provision, the 10 Day Response Provision and the 30 Day Dispute Provision when read together overshadows the disclosures of the right of consumers to obtain debt validation in contravention of 15 U.S.C. §1692c(b).

41. 15 U.S.C. §1692g(b) provides in pertinent part that if a consumer notifies a debt collector in writing within the thirty (30) day period described in 15 U.S.C. §1692g(a) that the debt, or any portion thereof, is disputed, or the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

42. By continuing to attempt to collect the Disputed Tuition Bill without validating the disputed debt, the Collection Law Firm has violated the requirements of 15 U.S.C. §1692g(b).

43. As a direct and proximate result of the violation of the FDCPA by Defendant, Mr. Abney has been damaged. The damages of Mr. Abney include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

44. Pursuant to 15 U.S.C. §1692k, Mr. Abney is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys fees.

45. Mr. Abney has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, James C. Abney, an individual, demands judgment against Defendant, Law Offices of Joel Cardis, LLC, a Pennsylvania professional limited liability

company, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

**COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

46. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

47. Mr. Abney realleges and reaffirms the allegations contained in Paragraphs 1 through 32 above as if set forth hereat in full.

48. At all times material hereto, any monies purportedly owed under the Disputed Tuition Bill constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

49. At all times material hereto, Mr. Abney was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

50. At all times material hereto, Defendant was a "debt collector(s)" as said term is defined under Florida Statutes §559.55(6).

51. As more particularly described above, Defendant has violated the FCCPA in that Defendant has:

(a) Willfully engaged in conduct which reasonably can be expected to abuse or harass Mr. Abney, in contravention of Florida Statutes §559.72(7); and

(b) Claimed, attempted or threatened to enforce a debt when such person knows that the debt is not legitimate or asserted the existence of some other legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

52. As a direct and proximate result of the violation of the FCCPA by the Collection Law Firm, Mr. Abney has been damaged. The damages of Mr. Abney include but are not

necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

53. Mr. Abney has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

54. Pursuant to Florida Statute §559.77, Mr. Abney is entitled to actual damages and additional statutory damages of $1,000.00, together with reasonable attorney's fees and court costs.

55. As a result of the actions of Defendant, Defendant is liable to Mr. Abney for punitive damages in an amount to be determined by the reasonableness of a jury.

WHEREFORE, Plaintiff, James C. Abney, an individual, demands judgment against Defendant, Law Offices of Joel Cardis, LLC, a Pennsylvania professional limited liability company, for actual, statutory and punitive damages together with interest, costs and attorneys pursuant to Florida Statutes §559.77.

**DEMAND FOR JURY TRIAL**

Plaintiff, James C. Abney, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
Attorney for Plaintiff
rphyu@aol.com